IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| H.R. A MINOR THROUGH HER § <br> MOTHER AND NEXT FRIEND DESTINY § <br> ROBLEDO, DESTINY ROBLEDO § <br> INDIVIDUALLY, AND JIMMY § <br> ROBLEDO, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Defendant. § | No. W:23-CV-00796-ADA-JCM |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendant's Motion to Dismiss (ECF No. 10), Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 12), Plaintiff's Amended Opposition to Defendant's Motion to Dismiss (ECF No. 14), and Defendant's Reply to Plaintiff's Amended Opposition to Defendant's Motion to Dismiss (ECF No. 15). For the following reasons, the undersigned **RECOMMENDS** Defendant's Motion be **GRANTED**.

I.  BACKGROUND

Plaintiffs Destiny Robledo and Jimmy Robledo sue the United States of America under the Federal Torts Claim Act "for negligence and/or willful and wanton negligence (gross

negligence) and professional malpractice" relating to obstetrical medical care provided by Keilah Ketron, D.O., and Kimberly Micus, M.D. Pl.'s Am. Compl. (ECF No. 6) at 1. Plaintiff Destiny Robledo sues on behalf of H.R., a minor, and herself. *Id.*

Plaintiffs allege that on January 11, 2021, Destiny Robledo arrived at the Baylor Scott & White Medical Center to deliver H.R. *Id.* at 2. Upon admission, Destiny was treated by Dr. Ketron, a second-year family medicine resident physician. *Id.* Dr. Ketron observed that H.R. was suffering from shoulder dystocia, a condition in which the baby's right shoulder is stuck behind the mother's public symphysis, during delivery. *Id.* "Dr. Ketron applied, according to the hospital record, 'moderate traction' to (pulled on) H.R.'s head" to resolve the shoulder dystocia. *Id.* Plaintiffs allege that "the total length of the shoulder dystocia was 110 seconds." *Id.* Plaintiffs assert that the short amount of time indicates that the care was not emergency medical care. *Id.*

Plaintiffs allege that Dr. Ketron, through negligence or gross negligence, caused H.R. to suffer severe and permanent injuries to her brachial plexus nerves. *Id.* at 2–3. Plaintiffs allege that Dr. Micus acted negligently or grossly negligently failed to supervise Dr. Ketron during Destiny's labor. *Id.* at 3.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule

12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.     DISCUSSION

The FTCA imposes liability on the Government "in accordance with the law of the place where the act or omission occurred" for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act" of federal employees acting within the course and scope of their employment. 28 U.S.C. § 1346(b)(1). Because the alleged malpractice in this case occurred in Texas, Texas law applies. *Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012). Under Texas law, medical malpractice claims are governed by the Texas Medical Liability Act ("TMLA"). *Id.* at 378. When a medical provider provides emergency medical care in an obstetrical unit, the TMLA requires the claimant to prove that the provider breached the applicable standard of care with willful and wanton negligence. Tex. Civ. Prac. & Rem. Code § 74.153(a).

The United States argues that shoulder dystocia constitutes an obstetrical emergency requiring a finding of willful and wanton conduct to impose liability. Def.'s Mot. at 3. Plaintiff argues that whether shoulder dystocia constitutes a medical emergency is a fact-question which cannot be resolved at the motion to dismiss stage. Pl.'s Am. Resp. at 15. The Court notes that the overwhelming majority of cases addressing shoulder dystocia held that it was a medical

emergency. *See, e.g., Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126 (Tex. 2018) (holding that shoulder dystocia is an obstetrical emergency); *see also Taber v. Roush*, 316 S.W.3d 139, 144 (Tex. App.—Houston [14th Dis.] 2010, no pet.) ("Shoulder dystocia is an obstetric emergency. To avoid brain damage to the baby from lack of oxygen due to cord compression, the shoulder dystocia must be resolved quickly so that the delivery can be completed."); *Banks v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.*, 233 S.W.3d 64, 70–71 (Tex. App.—Dallas 2007, pet. denied) (holding that shoulder dystocia is an obstetrical emergency); and *Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011) ("a relatively infrequent but well-recognized obstetric emergency known as shoulder dystocia."). In fact, the Court can find only one case suggesting that shoulder dystocia may not be an emergency. *See Glenn v. Leal*, 596 S.W.3d 769, 772 (Tex. 2020) ("the issue of whether Dr. Glenn provided emergency care to Dawn was critical and contested" where the doctor's request that the jury be asked whether he provided emergency care was denied.). Shoulder dystocia, is therefore, an obstetrical emergency.

Because shoulder dystocia is an obstetrical emergency, the Court lacks jurisdiction to consider this case. The FTCA prohibits a finding of punitive damages against the United States. 28 U.S.C. § 2674. "The Supreme Court has concluded that § 2674 'bars the recovery of what are legally considered "punitive damages" under traditional common-law principles.'" *Salas v. United States*, 667 F.Supp.3d 380, 386 (W.D. Tex. 2023) (quoting *Molzof v. United States*, 502 U.S. 301, 312 (1992)). The common-law definition of punitive damages focuses on the nature of the defendant's conduct and are based upon the degree of the defendant's culpability. *Id.* (citations omitted). As a result, damages that depend on the conscious indifference to the welfare of others constitute punitive damages under traditional common-law principles. *Id.* (citations

omitted). Further, "Texas law firmly establishes that gross negligence requires a finding that the defendant acted with conscious indifference to the safety of the public." *Id.* (citations omitted). Accordingly, the Court lacks jurisdiction over Plaintiffs' claims as there has been no waiver of sovereign immunity under the FTCA for claims asserting gross negligence.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss (ECF No. 10) be **GRANTED** and that Plaintiffs' claims be **DISMISSED.**

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 17th day of September 2024.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE